IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHEAL JOYCE**  **PLAINTIFF**
*ADC #150227*

v.  No. 3:25-cv-00231-KGB-PSH

**DEXTER PAYNE,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Micheal Joyce, an inmate at the Arkansas Division of Correction's Grimes Unit, filed a *pro se* complaint on October 20, 2025 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court will not order service of process at this time. Joyce makes several seemingly unrelated allegations and does not provide sufficient facts to support any viable constitutional claim. He alleges the following: that Corporals Stinson and Burr discriminated against him by not allowing him to place his mail in the correct box on July 15, 2025; that Sergeant Adkisson interfered with a grievance he filed on

May 22, 2025; that Shurika Brown and Warden Christopher Budnik wrongfully rejected a grievance he wrote on May 29, 2025; that Director Dexter Payne and Warden Budnik failed to correct this injustice; that Sergeant Adkisson, Director Payne, and Warden Budnik interfered with his process again on July 27, 2025, in some unspecified way causing him to earn "a bogus year charge;" that Captain Kenny Cantrell mistreated and retaliated against against him on July 27, 2025, because he had grieved matters such as an incident with Sergeant Kimberly Larson that occurred on May 29, 2025. Doc. No. 2 at 5-7. The Court needs clarification to screen Joyce's claims, for the following reasons.

First, it is not clear that Joyce's various claims are sufficiently related to proceed in the same lawsuit. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

Second, Joyce has not described enough facts to support an equal protection claim. It is not clear why he believes he has been discriminated against or how defendants allegedly discriminated against him. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relationship to any legitimate penal

interest." *Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir.1998) (citing *Timm v. Gunter,* 917 F.2d 1093, 1103 (8th Cir.1990)). If Joyce intends to state an equal protection claim, he must provide more facts to support it.

Third, inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Fourth, to succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Joyce does not specifically describe how Cantrell allegedly retaliated against him or why he would be motivated to do so. Joyce must provide more facts to support an allegation that a defendant retaliated against him.

Joyce is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Joyce fails to file an amended complaint conforming to this order within 30 days, the undersigned may recommend dismissal of this case. The Clerk of Court is directed to send a blank § 1983 complaint form to Joyce.

IT IS SO ORDERED this 13th day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE